# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICENA MOLINA,<br><br>                             Plaintiff,<br>  vs.<br><br>JOHN E. POTTER, Postmaster General of the United States Postal Service,<br><br>                            Defendant. | CASE NO. 10-CV-454 JLS (BGS)<br><br>**ORDER: DENYING PLAINTIFF'S EX PARTE MOTION FOR RELIEF FROM DISMISSAL**<br><br>(Doc. No. 15) |

      Presently before the Court is Plaintiff Nicena Molina's ex parte motion for relief from dismissal. (Doc. No. 15 (Mot.).) Also before the Court are Defendant John E. Potter's opposition and Plaintiff's Reply. (Doc. Nos. 17 (Opp'n), 18 (Reply).) Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

      Plaintiff filed her complaint on March 1, 2010. (Doc. No. 1.) On July 20, 2010, Defendant moved to dismiss for failure to serve process. (Doc. No. 7.) Plaintiff responded to the motion, explained why she had not served Defendant, and requested additional time to serve under Rule 4(m). (Doc. No. 10, at 4–6.) On August 10, 2010, the Court granted Plaintiff additional time to serve and stated: "service *shall be effectuated and proof of service reflected on the docket* by *August 17, 2010.* Failure to do so will result in the Court granting Defendant's motion to dismiss." (Doc. No. 12 (emphasis in original).)

1  Plaintiff failed to meet the Court's deadline, and the Court dismissed the action without
2  prejudice. (Doc. No. 13.) Plaintiff now moves the Court to set aside the dismissal, allow her to file
3  proof of service, and deem service timely. (Doc. No. 15-1 (Mem.), at 4.)

## LEGAL STANDARD

5  Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a "final
6  judgment, order, or proceeding." Plaintiff brings her Rule 60(b) motion under subsection (1), which
7  provides relief from judgment from mistake, surprise, or inexcusable neglect. (Mem. at 6.)
8  "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is
9  attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United
10 States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
11 P'ship*, 507 U.S. 380, 388, 394 (1993)). "The determination of whether neglect is excusable 'is at
12 bottom an equitable one, taking account of all relevant circumstances surrounding the party's
13 omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). To determine whether neglect is excusable, a
14 court must consider at least four factors: "(1) the danger of prejudice to the opposing party; (2) the
15 length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and
16 (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24
17 (9th Cir. 2000); *accord Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Failure
18 to consider all four factors constitutes an abuse of discretion. *Ahancian v. Xenon Pictures, Inc.*, 624
19 F.3d 1253, 1262 (9th Cir. 2010); *Lemoge*, 587 F.3d at 1192; *Bateman*, 231 F.2d at 1224.

20 Further, when an act must be done within a specified time, a court may extend the time for the
21 party to act "on motion made after the time has expired if the party failed to act because of excusable
22 neglect." Fed. R. Civ. P. 6(b)(1)(B). The test for whether neglect is excusable under Rule 6(b)(1)(B)
23 is the same as under Rule 60(b)(1). *See Pioneer*, 507 U.S. at 392–93; *Comm. for Idaho's High Desert,
24 Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996).

## ANALYSIS

26 **1.     Rule 60(b)(1)**
27 *A.     Danger of Prejudice to Defendant*
28      To determine whether neglect is excusable, the Court first considers the danger of prejudice

to Defendant. *See Bateman*, 231 F.3d at 1223. In this case, Defendant has already been prejudiced by the undue delay caused by Plaintiff's counsel's consistent inattention to the case. Prosecution of the matter has been delayed several times on Plaintiff's account.[1] And the Court granted Plaintiff additional time to effectuate service and explicitly stated that failure to comply with the Order would result in dismissal, yet Plaintiff failed to serve. (*See* Doc. Nos. 12, 13.)

Defendant would suffer further prejudice if the Court were to grant Plaintiff relief from judgment. Even now, Defendant is likely to confront the loss of witnesses, lapses of memories, and difficulties locating evidence. *Cf. Lal v. Cal.*, 610 F.3d 518, 527 (9th Cir. 2010) (finding insufficient prejudice to warrant denying relief from judgment where there was a wealth of evidence including numerous witness statement, tape recorded statements, and written transcripts of statements). The danger of further prejudice only grows with each passing day. Thus, this factor favors denying Plaintiff's motion.

### B.     *Length of Delay and Potential Impact on Proceeding*

The second factor is the length of the delay and its potential impact on the proceedings. *Bateman*, 231 F.3d at 1223. The instant motion comes three-and-a-half months after the case was dismissed for Plaintiff's failure to comply with the Court's Order and three years after Plaintiff filed her original action. As stated above, likely impacts of the delay include the loss of witnesses, lapses of memories, and difficulties locating evidence. Accordingly, the already protracted delay favors denying Plaintiff's motion.

### C.     *Reason for Delay*

The third factor is the reason for the delay. *Id.* at 1224. Plaintiff's counsel attributes her failure to comply with the Court's Order granting additional time to the "order arriving via email where a[n] office worker apparently either overlooked it, or just failed to communicate [it] to [] counsel." (Mem. 1.) However, counsel's negligence contravenes the Court's Local Civil Rules and

---

[1] Plaintiff originally instituted this action in November 2007, but she failed to prosecute it. (Opp'n 1; *see Molina v. Potter*, Case No. 07-CV-2198 L (RBB).) Plaintiff failed to respond to discovery requests, and Defendant agreed to an extension of Plaintiff's response deadline on two separate occasions. (*Id.* at 1–2.) When Plaintiff still failed to respond to discovery requests, Defendant moved to compel. (*Id.* at 2.) Before the Court ruled on the motion, the parties jointly moved to dismiss without prejudice to refile within six months. (*Id.*)

1  its Electronic Case Filing Administrative Policies and Procedures (ECF Policies).  The ECF Policies
2  provide that all attorneys in good standing must register for the CM/ECF system and "maintain an
3  electronic mailbox of sufficient capacity, with the appropriate e-mail permissions, to receive electronic
4  notice of case-related transmission."  U.S. Dist. Court for the S. Dist. of Cal., Electronic Case Filing
5  Administrative Policies and Procedures Manual § 1(f) (2011), *available at*
6  http://www.casd.uscourts.gov/cmecf/pdf/CASDPolicies.pdf.  Further, "[e]ach registered user of the
7  CM/ECF system is responsible for assuring that the user's e-mail account is *monitored regularly*, and
8  that e-mail notices are *opened in a timely manner*."  *Id.* § 2(d)(2) (emphasis added).  Thus, counsel's
9  failures to monitor her e-mail account and timely respond to the Court's Order favor denying
10 Plaintiff's motion.

11 **D.    *Whether Plaintiff Acted in Good Faith***

12       The fourth factor is whether the moving party acted in good faith.  *Bateman*, 231 F.3d at
13 1224.  Counsel's history of consistently failing to heed discovery deadlines and abide by Court Orders
14 suggests that counsel has not acted in good faith.  Counsel blames her staff, contending that "despite
15 knowing how anxious [counsel] had been about the case," the staff member nevertheless failed to open
16 the e-mail or notify anyone about the Court's Order.  (Mem. 3.)  But common sense dictates that if
17 counsel wanted to proceed with the litigation and was anxious about the case, she herself should have
18 maintained contact with the Court.  Moreover, counsel had a duty to regularly monitor and timely
19 respond to the Court's e-mail notice.  Accordingly, this factor favors denying Plaintiff's motion for
20 relief.

21 **2.    Rule 6(b)(1)(B)**

22       In addition to setting aside the dismissal, Plaintiff moves the Court to allow her to file proof
23 of service and deem it timely.  Because the Court does not find counsel's neglect excusable under Rule
24 60(b)(1), counsel's neglect also is not excusable under Rule 6(b)(1)(B) and does not warrant an
25 extension of time.  *See Pioneer*, 507 U.S. at 392–93 (stating standard for excusable neglect under Rule
26 6(b) is the same as that of Rule 60(b)(1)).  Accordingly, the Court denies Plaintiff's request for
27 extension of time to file proof of service.
28 //

**CONCLUSION**

For the reasons stated, the Court **DENIES** Plaintiff's ex parte motion for relief from dismissal. Counsel **SHALL SEND** Plaintiff a copy of this Order so that Plaintiff may consider whether to file a malpractice suit against her.

**IT IS SO ORDERED.**

DATED: April 5, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge